**E-Filed 8/31/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LYNETTE WHITFIELD,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF SALINAS, et al.,<br><br>          Defendants. | Case Number C 05-03230 JF<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 38] |

    Plaintiff Lynette Whitfield ("Whitfield") moves for summary judgment against Defendants City of Salinas and the Salinas Redevelopment Agency ("SRA") (collectively "the Salinas Defendants"). The Salinas Defendants oppose the motion. The Court heard oral argument on August 11, 2006. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

    On August 9, 2005, Whitfield filed the complaint in the instant action against City of Salinas, SRA, National Railroad Passenger Corporation ("Amtrak"), Union Pacific Railroad

---

[1] This disposition is not designated for publication and may not be cited.

1    Corporation, and Does 1 through 10.  She alleges five claims for relief: (1) violation of the Title

2    II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*., (2) violation of

3    Title III of the ADA, 42 U.S.C. § 12181 *et seq*., (3) violation of Section 504 of the Rehabilitation

4    Act of 1973, 29 U.S.C. § 794, (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51

5    and 52, (5) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54 and 54.1.

6    Claims one, three, four, and five are alleged against the Salinas Defendants.  Whitfield moves for

7    summary adjudication of claims one, four, and five against these defendants.

8         Whitfield's left leg has been amputated above the knee, she has only limited use of her

9    right arm and hand, and she uses a wheelchair.  Declaration of Lynette Whitfield in Support of

10   Plaintiff's Motion for Summary Adjudication ("Whitfield Decl.") ¶ 2.  The Salinas Defendants

11   do not contest that Whitfield is disabled.  Opposition p. 8.  Whitfield asserts that during a

12   January 2003 visit to the Salinas train station, she discovered that the women's restroom was not

13   wheelchair-accessible because the stall doorways were too narrow.  Whitfield Decl. ¶ 4.

14   Whitfield reported the problem to the station agent on duty, a woman who was wearing an

15   Amtrak uniform.  *Id*. ¶ 5.[2]

16        Whitfield's description of the relevant events is as follows.  On October 8, 2004, she

17   went to the Salinas train station with her daughter Carissa Benjamin ("Benjamin") and

18   companion Jesse Molina ("Molina").  Whitfield Decl. ¶ ¶ 6-7; Declaration of Carissa Benjamin

19   in Support of Plaintiff's Motion for Summary Adjudication ("Benjamin Decl.") ¶ 3; Declaration

20   of Jesse Molina in Support of Plaintiff's Motion for Summary Adjudication ("Molina Decl.") ¶

21   2.  While waiting for the train, which was delayed, Whitfield needed to use the restroom.

22   Whitfield Decl. ¶ 8.  She again found that the stalls were too narrow for her wheelchair.  *Id*. ¶ 9.

23   She told a man in an Amtrak uniform about the problem, and his response was, in so many

24   words, "What do you expect me to do about it?"  *Id*. ¶ 10.  Molina went into the men's restroom

25   and found that it, too, was not wheelchair-accessible.  *Id*. ¶ 11; Molina Decl. ¶ 3.  Because

26

27        [2] Whitfield does not seek legal relief arising from her 2003 visit to the Salinas station.

28   Reply p. 15.

2

1  Whitfield urgently needed to relieve herself, she went outside and relieved herself while standing

2  on her right leg and holding onto a bicycle rack with her one good arm.  Whitfield Decl. ¶ 12.

3  The area where she relieved herself, on the side of the building, was well-lit and visible to

4  passers by.  *Id*.  Whitfield was extremely embarrassed by this experience and suffered physical

5  pain as a result of having to hold herself up with the support of the bicycle rack.  *Id*. ¶ 13.

6  The Salinas Defendants acknowledge that the restrooms in the Salinas station were not

7  wheelchair-accessible prior to renovations that were completed in 2005.  Opposition p. 8;

8  Declaration of Alan Stumpf in Support of City of Salinas' and Salinas Redevelopment Agency's

9  Opposition to Plaintiff's Motion for Summary Adjudication ("Stumpf Decl.") ¶¶ 15-16.

10  However, as is discussed below, they contend that there is a triable issue of fact as to whether

11  Whitfield actually was in the station on October 8, 2004 and that lack of funding made it

12  impracticable to renovate the bathrooms.

13

14                                    **II. LEGAL STANDARD**

15  A motion for summary judgment should be granted if there is no genuine issue of

16  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

17  56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

18  the initial burden of informing the Court of the basis for the motion and identifying the portions

19  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

20  demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

21  317, 323 (1986).

22  If the moving party meets this initial burden, the burden shifts to the non-moving party to

23  present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

24  *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

25  evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

26  party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

27  *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

28  "When the nonmoving party has the burden of proof at trial, the moving party need only

                                            3

1   point out 'that there is an absence of evidence to support the nonmoving party's case.'"

2   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477

3   U.S. 317, 325 (1986)).  Once the moving party meets this burden, the nonmoving party may not

4   rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that

5   there is a genuine issue for trial. *Id.*

6        The standard applied to a motion seeking partial summary judgment is identical to the

7   standard applied to a motion seeking summary judgment of the entire case. *Urantia Foundation*

8   *v. Maaherra*, 895 F.Supp. 1335, 1335 (D. Ariz. 1995).

9

10                               **III. DISCUSSION**

11  **1.     Standing**

12       The Salinas Defendants argue that it is has not been established that Whitfield has

13  standing because there is a triable issue of fact as to whether Whitfield actually was in the Salinas

14  station on October 8, 2004.  As noted above, Whitfield, Benjamin, and Molina all have submitted

15  declarations stating that they were in the train station on this date and describing Whitfield's

16  experience of being unable to access the bathroom stalls in her wheelchair. *See* Whitfield Decl.;

17  Benjamin Decl.; Molina Decl.  Thus, Whitfield has met her initial burden of showing that there is

18  not a triable issue of fact on this issue, and the burden shifts to the Salinas Defendants to present

19  specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

20       The Salinas Defendants point out that Whitfield has provided no documentary evidence

21  that she was in the station on October 8, 2004.  However, the absence of documentary evidence is

22  not a specific fact showing that there is a genuine issue for trial.  The Salinas Defendants also

23  have submitted the testimony of Donna Brandon ("Brandon"), the Amtrak station agent, that she

24  never received any complaints about the inaccessibility of the restrooms.  Declaration of Claudia

25  Leed in Support of Defendants City of Salinas' and Salinas Redevelopment Agency's

26  Memorandum of Points and Authorities in Support of Opposition to Plaintiff's Motion for

27  Summary Adjudication ("Leed Decl.") ¶ 4, Ex. C p. 51.  Brandon does recall a woman in a

28  wheelchair inquiring about the accessibility of the restroom at a time after the renovations were

1   complete. *Id.*, Ex. C. p. 51.  Brandon also testified that, in part because she has a sister who has

2   used a wheelchair, she would remember a complaint about the inaccessibility of the restrooms.

3   *Id*. p. 66.

4          As counsel for Whitfield argued during oral argument, Whitfield has alleged and

5   submitted evidence establishing that she spoke with a *male* station agent on October 8, 2004.

6   Additionally, although it was their burden to present such evidence, the Salinas Defendants have

7   provided no evidence that Brandon was in the Salinas station on October 8, 2004.  Thus, the

8   Salinas Defendants have not met their burden of presenting specific facts showing that there is a

9   genuine issue for trial.  Accordingly, the Court will not deny Whitfield's motion for summary

10  judgment on this ground.

11  **2.      Title II of the Americans with Disabilities Act**

12         Title II of the ADA provides that "no qualified individual with a disability shall, by

13  reason of such disability, be excluded from participation in or be denied the benefits of the

14  services, programs or activities of a public entity, or be subjected to discrimination by any such

15  entity." 42 U.S.C. § 12132.

16         **a.      As soon as practicable**

17         The parties agree that the rail stations need not be made readily accessible if making them

18  accessible would not be practicable:

19          All stations in the intercity rail transportation system shall be made readily
            accessible to and usable by individuals with disabilities, including individuals
20          who use wheelchairs, as soon as practicable, but in no event later than 20 years
            after July 26, 1990.
21
22  42 U.S.C. § 12132.  The Salinas Defendants argue that this section requires only that a station be

23  made accessible by July 26, 2010.  Whitfield contends that this section requires that a station be

24  made accessible if and as soon as it is practicable.  While the Court is inclined to agree with

25  Whitfield, it need not reach this question.  The Salinas Defendants have presented evidence from

26  which a reasonable jury could conclude that it was not practicable to renovate the bathrooms in

27  the Salinas station in order to make them wheelchair accessible as of October 8, 2004.

28         In 1997, the SRA purchased the station, which was built in 1942, and assumed from the

5

1  previous owner a lease with Southern Pacific Railroad ("Southern Pacific") for the use of the

2  entire building.  Stumpf Decl. ¶ 6.  Also in 1997, Union Pacific Corporation ("Union Pacific")

3  acquired Southern Pacific and became successor in interest to the lease of the Salinas station.  *Id.*

4  ¶ 8.  Amtrak leases the station building from Union Pacific, but there is no direct lease

5  agreement between SRA and Amtrak.  *Id.* ¶¶ 6, 8.  Union Pacific pays only $1.00 per year in rent

6  to the SRA.  *Id.* ¶ 10.

7       Alan Stumpf ("Stumpf") has been the Director of the SRA since July 19, 2004.  Stumpf

8  Decl. ¶ 2.  He had been the SRA Project Manager from 1997 to 2004.  *Id.*  Stumpf has stated that

9  "[t]he SRA funding is project driven and no funds were set aside for renovation of the Amtrak

10  station since the entire property was not slated for major renovations in the intermodal project

11  until at least late 2006."[3]  *Id.* ¶ 10.  Additionally, Stumpf explained that "[t]he maintenance of the

12  Salinas station was jointly undertaken by the SRA and Amtrak on an adhoc basis and often the

13  maintenance was deferred by the SRA because of funding shortages."[4]  *Id.* ¶ 11.  In 2004, the

14  SRA applied for a $1.2 million grant from the Federal Transportation Authority in order to

15  complete renovations, including ADA accessibility improvements.  *Id.* ¶ 13.  Stumpf has stated

16  that the planning process for the renovations is elaborate and that the grant has not yet been

17  approved.  *Id.*  In 2005, the SRA funded ADA accessibility renovations to the Salinas station

18  bathrooms at a cost of $43,422.00.  *Id.* ¶ 16.  The funds for this renovation were "secured

19  through reallocation of Redevelopment funds committed for other SRA projects."  *Id.* ¶ 16.  The

20  ADA renovations were undertaken "in an effort to address a specific complaint brought to the

21  attention of the SRA, make the station restrooms accessible and to minimize any potential

23  [3] Whitfield objects to this evidence on the ground that it is a conclusory statement.  She
24  cites *Marshall v. East Carroll Parish Hosp. Service Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) for
   the proposition that "conclusory, unsupported assertions are insufficient to defeat a motion for
25  summary judgment."  Stumpf's statement is not such a conclusory statement.  Stumpf does not
26  draw a legal conclusion, but instead states facts about SRA funding that are within his personal
   knowledge as Director of the SRA.  Accordingly, the Court will overrule Whitfield's objection.

27       [4] Whitfield also objects to this evidence on the ground that it is a conclusory statement.
28  For the reasons stated in footnote 3, the Court will overrule Whitfield's objection.

6

1  exposure posed by the Whitfield litigation." *Id*. ¶ 17.  A reasonable jury could conclude that the

2  renovations were not practicable based on Stumpf's explanations that federal funds had not been

3  approved and funds had to be diverted from other projects in order to renovate the Salinas station

4  bathrooms.

5       Whitfield argues that the fact that the SRA subsequently completed the renovations is

6  conclusive evidence that the renovations were practicable.  While "evidence of subsequent

7  change may be admitted for the limited purpose of showing the practicability of making a

8  change," *Transgo, Inc. v. Ajac Transmission Parts Corp*., 768 F.2d 1001, 1020 (9th Cir. 1985),

9  this evidence does itself prove that the renovations were practicable on or before October 8,

10  2004.  Whitfield also argues that the Salinas Defendants have not presented evidence that it was

11  impracticable to arrange for Amtrak or Union Pacific to complete the renovations.  However, the

12  Salinas Defendants need not *prove* at this stage that it was impracticable for them to make the

13  renovations.  Instead, they need only present evidence from which a reasonable jury could

14  conclude that the renovations were impracticable.  A reasonable jury could reach such a

15  conclusion without evidence of whether and to what extent the Salinas Defendants may or may

16  not have been able to arrange for Amtrak or Union Pacific to complete the renovations.

17  Accordingly, the Court will deny Whitfield's motion for summary judgment on her Title II claim

18  on this ground.

19      **b.**   **Undue burden**

20       The Salinas Defendants argue that the undue burden defense shields them from liability.

21  The ADA requires that "[a] public entity shall operate each service, program, or activity so that

22  the service, program, or activity, when viewed in its entirety, is readily accessible to and usable

23  by individuals with disabilities."  28 C.F.R. § 35.150(a).  However, it does not:

24      [r]equire a public entity to take any action that it can demonstrate would result in a
fundamental alteration in the nature of a service, program, or activity or in undue

25  financial and administrative burdens. In those circumstances where personnel of
the public entity believe that the proposed action would fundamentally alter the

26  service, program, or activity or would result in undue financial and administrative
burdens, a public entity has the burden of proving that compliance with §

27  35.150(a) of this part would result in such alteration or burdens. The decision that
compliance would result in such alteration or burdens must be made by the head

28  of a public entity or his or her designee after considering all resources available

7

1  for use in the funding and operation of the service, program, or activity, and *must*
2  *be accompanied by a written statement of the reasons for reaching that*
   *conclusion.*

3  28 C.F.R. § 35.150(a)(3) (emphasis added).  While the Salinas Defendants have presented

4  evidence from which a reasonable jury could conclude that renovations to make the bathrooms

5  wheelchair accessible posed an undue burden, they have not presented any evidence of a "a

6  written statement of the reasons for reaching that conclusion."  Accordingly, the Court will not

7  base its denial of the instant motion on this ground.

8           c.       **Private right of action**

9           The Salinas Defendants oppose Whitfield's motion for summary judgment with respect to

10  the Title II claim on the ground that the claim relies on sections of the Code of Federal

11  Regulations that do not provide for a private cause of action or do not apply to a claim against a

12  public entity.  The Court need not reach the question of whether Whitfield's claim is valid

13  pursuant to the particular sections of the Code of Federal Regulations.  In addition to alleging

14  claims pursuant to these particular sections, Whitfield alleges a claim generally under Title II:

15           The conduct of defendants City of Salinas, Salinas Redevelopment Agency, and
            Amtrak, and each of them, previously alleged violates Title II of the ADA, 42
16           U.S.C. § 12131, *et seq*., and the federal regulations promulgated pursuant to Title
            II, 28 C.F.R. Part 35, Subpart D; 28 C.F.R. Part 36, Appendix A, ADA
17           Accessibility Guidelines; 49 C.F.R. Part 37; and 41 C.F.R. Part 101-19.6,
            Appendix A, Uniform Federal Accessibility Standards.
18

19  Amended Complaint ¶ 30.  A private right of action under Title II exists for "any person alleging

20  discrimination on the basis of disability."  42 U.S.C. § 12133; *see Cherry v. City College of San*

21  *Francisco*, 2005 WL 2620560, *2 (N.D. Cal. 2005).  Even if the Court were to determine that

22  one or more of the code sections was not applicable, such a determination would not defeat

23  Whitfield's motion for summary judgment.  Accordingly, the Court will not base its denial of the

24  instant motion on this ground.

25  **3.      State law claims**

26           Whitfield alleges California state law claims for violation of the Unruh Civil Rights Act,

27  Cal. Civ. Code §§ 51 and 52, and for violation of the California Disabled Persons Act, Cal. Civ.

28  Code §§ 54 and 54.1.  Whitfield moves for summary judgment on her state law claims on the

8

1    basis of two theories.  First, both the Unruh Civil Rights Act and the California Disabled Persons

2    Act provide that "[a] violation of the right of any individual under the Americans with

3    Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

4    Cal. Civ. Code § 51(f); Cal. Civ. Code § 54(c).  However, because the Court will deny

5    Whitfield's motion for summary judgment on her ADA claim, the fact that these state statutes

6    incorporate the ADA does not support granting Whitfield's motion for summary judgment on

7    these claims.

8            Second, Whitfield argues that the California statutes are more protective than the ADA

9    and require only that she prove that she is a person with a disability who was denied full and

10   equal access to the Salinas station.  The cases that Whitfield cites do not support this broad

11   proposition.  The court in *Presta v. Peninsula Corridor Joint Powers Bd.,* 16 F.Supp.2d 1134,

12   1135-36 (N.D. Cal. 1998), held that "[b]ecause the Unruh Act has adopted the full expanse of the

13   ADA, it must follow, that the same standards for liability apply under both Acts. Accordingly, if

14   Plaintiff need not demonstrate discriminatory intent to prove a claim under the ADA, she

15   similarly need not show such intent to prevail under the Unruh Act."  The Court in *Donald v.*

16   *Cafe Royale, Inc*., 218 Cal.App.3d 168, 177 (1990), held similarly that "no intent element is set

17   forth" in the California Disabled Persons Act.  Neither court addressed issues relevant to the

18   instant action, such as whether the undue burden defense is available under either of these

19   statutory schemes, whether special statutory schemes apply to intercity rail transportation, or

20   whether older buildings a buildings may be exempt from particular requirements.  Accordingly,

21   Whitfield has not met her burden of showing that she is entitled to judgment as a matter of law.

22   Fed. R. Civ. P. 56(c).

23           Additionally, there is a question as to whether and how California Government Code §

24   4456 should be applied to the instant action.  The California courts have construed the Unruh

25   Civil Rights Act, the California Government Code §§ 4450-4458, and the California Health and

26   Safety Code §§ 19955-19959 together.  *See Donald v. Sacramento Valley Bank,* 209 Cal.App.3d

27   1183, 1191 (1989).  In *People ex rel. Deukmejian v. CHE, Inc*., the court explained:

28           Our construction of the legislative schemes commences with Civil Code section

9

54 et seq. which declares, in part, that all physically handicapped are entitled to the same right as the able-bodied to full and free use of public facilities and places (§ 54), requiring operators of such facilities to "open its doors on an equal basis to all that can avail themselves of the facilities without violation of other valid laws and regulations." To give meaning to the public accommodation law prohibiting discrimination against the handicapped, the Legislature enacted Government Code section 4450 et seq. providing for the establishment of standards for buildings constructed with public funds designed to insure accessibility by the handicapped.

*People ex rel. Deukmejian*, 150 Cal.App.3d at 133 (internal citation omitted). California Government Code § 4456, which requires that "all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities," provides that buildings constructed prior to November 13, 1968 "shall comply with the provisions of this chapter when alterations, structural repairs or additions are made to such building or facility." Cal. Gov. Code § 4456. Whitfield argues that the Salinas Defendants have made alterations that "affect[] or could affect the usability" of the station and therefore trigger this requirement. *Kinney v. Yerusalim*, 9 F.3d 1067, 1072 (3d Cir. 1993). Whitfield points to the letter from Larry D. Brussard, Redevelopment Director of the Salinas Redevelopment Agency, as evidence that toilets and urinals in the restrooms and installed new parts in additional toilets. Stumpf Decl. ¶ 12, Ex. B. However, this letter and the modifications described therein do not support a conclusion by this Court on summary judgment that the usability of the station was affected.

Accordingly, the Court will deny Whitfield's motion for summary judgment with respect to her state law claims on the ground that she has not established that she is entitled to judgment as a matter of law as to the liability of the Salinas Defendants under the Unruh Civil Rights Act and the California Disabled Persons Act.

**3.     Additional Grounds**

Having concluded that Whitfield's motion for summary judgment should be denied, the Court need not reach each of the Salinas Defendants' additional arguments in opposition to the motion. Accordingly, the Court makes no determination as to whether Whitfield's claims are moot because the bathrooms have been renovated, whether the City of Salinas has any

10

1  responsibility for the station, or whether Whitfield has presented evidence to support a claim for

2  monetary damages.

3  **IV. ORDER**

4       Good cause therefore appearing, IT IS HEREBY ORDERED that Whitfield's motion for

5  summary judgment is DENIED.

6

7  DATED:  August 31, 2006

8

9  _____

10  JEREMY FOGEL
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-03230 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)

1    This Order has been served upon the following persons:

2    Jamerson C. Allen        allenj@jacksonlewis.com

3    Cathy L. Arias           carias@burnhambrown.com

4    Erika M. Barbara         barbarae@jacksonlewis.com

5    M. Christine Davi        davi@ci.monterey.ca.us

6    Claudia Leed             cleed@burnhambrown.com,

7    Sanford Jay Rosen        srosen@rbalaw.com

8    Janet Tung               jtung@rbalaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12